UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GLORIA KITSOPOULOS,<br><br>Defendant. | 5:25-CR-50065-CCT<br><br>ORDER GRANTING IN PART MOTION TO MODIFY PROTECTIVE ORDER CONCERNING DISCOVERY DISSEMINATION (DOC. 17) |

Defendant Gloria Kitsopoulos filed a motion to modify protective order concerning discovery dissemination. (Doc. 17).

## PROCEDURAL BACKGROUND

Kitsopoulos was indicted with one count of embezzlement and theft from Indian tribal organizations in violation of 18 U.S.C. § 1163 and one count of larceny exceeding $1,000.00, in violation of 18 U.S.C. §§ 661 and 1153. (Doc. 1). Kitsopoulos made her initial appearance on June 9, 2025, and was released on a personal recognizance bond. (Doc. 9; Doc. 10). Kitsopoulos retained the Rensch Law firm and they filed a Notice of Appearance on March 16, 2025. (Doc. 12). Attorney Tim Rensch signed a stipulation for entry of standing discovery order (Doc. 6), and the court entered its discovery order. (Doc. 7).

On September 16, 2025, Attorney John Rusch filed the pending motion to modify protective order concerning discovery dissemination. (Doc. 17). The government did not file a response.

1

## **DISCUSSION**

The District Court's Local Rule 16.1 provides in relevant part:

> Within 14 days of an initial appearance, the Government and defense counsel must complete and file a joint stipulation for discovery, which can be found on the court's website. The Government is responsible for the timely electronic filing of the joint stipulation. The discovery order restricts dissemination of discovery materials and precludes defense counsel from giving discovery materials to the defendant without the court's express permission.

District of South Dakota Local Rule 16.1. As is routine practice in the District of South Dakota, once the stipulation is filed with the court, the court enters a standard text order which reads:

> TEXT ORDER REGARDING DISCOVERY. Upon the foregoing Stipulation and for good cause shown, it is hereby
>
> ORDERED that any discovery materials, including but not limited to statements and summaries of interviews of witnesses furnished by the prosecution to the defense, shall not be used by the Defendant or the attorney for the Defendant for any purpose other than in direct relationship to this case. Without permission of the Court, defense counsel shall not photocopy the materials or provide them to any third party, except to make copies for use of the defense counsel in this case, an investigator, or expert witness. No further dissemination of discovery material shall be made, and under no circumstances shall such material be available to any employee of any attorney who was previously convicted of a felony but not restored to his or her civil rights. Any and all copies of discovery materials shall be returned to defense counsel at the completion of the case so that they can be destroyed by defense counsel. Defense counsel shall otherwise keep the items furnished in the possession of defense counsel, and the materials shall not be given to the Defendant or anyone else without the permission of the Court. Defense counsel may allow the Defendant to read the discovery materials, but only in the presence of defense counsel, the defense investigator, or a defense expert. It is further
>
> ORDERED that all discovery materials not previously destroyed shall be returned to attorneys for the United States of America immediately upon final disposition of the case.

Similarly, the District of South Dakota's Local Rule 57.10 entitled "Access to Criminal Documents" states in pertinent part, "A. Purpose. In order to protect the safety of federal defendants and the integrity of ongoing investigations and related prosecutions, access to certain criminal documents and transcripts is restricted."  The remaining provision discusses restrictions to certain pleadings and transcripts.  It also addresses additional restrictions that are applicable when a defendant is incarcerated.  Kitsopoulos is not incarcerated, so those provision are not applicable.

Ms. Kitsopoulos asks this court to relieve her of the requirements of the standing discovery order.  (Doc. 17 at p. 2).  Ms. Kitsopoulos requests that discovery be electronically sent to her so discovery can be viewed only "by her with no copies made and no dissemination of the discovery by the Defendant to any third party."  Id.

**A.      Discovery in a Criminal Case**

Federal Rule of Criminal Procedure 16(a)(1)(E) requires the government to "permit the defendant to inspect and to copy or photograph . . . papers, documents . . . or tangible objects . . . if the item is within the government's possession, custody, or control and the item is material to preparing the defense."  A defendant who requests documents, believing them to be material to her defense, must "make a prima facie showing of materiality." United States v. Tornquist, No. CR 11-50118, 2012 WL 2862864, *3 (D.S.D. July 11, 2012) (citations omitted).  "[T]he suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material

3

either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 (1963). Evidence is material under Brady if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Ryan, 153 F.3d 708, 712 (8th Cir. 1998) (citing Kyles v. Whitley, 514 U.S. 419, 433–34 (1995)).

The scope of discovery under Rule 16(a)(1)(E) is limited, however, by Rule 16(a)(2), which specifically excludes the following from disclosure: "reports, memoranda or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case" and "statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." The Jencks Act, 18 U.S.C. § 3500, "requires the district court, on the motion of a defendant, to produce any 'statements' of a government witness that relate to the subject matter of the witness's testimony, after the witness has testified on direct examination." United States v. New, 491 F.3d 369, 376 (8th Cir. 2007). Courts do not have discretion to order witness statements to be furnished before the witness has testified if the government is unwilling to do so. United States v. White, 750 F.2d 726, 729 (8th Cir. 1984).

"Criminal defendants do not have a general constitutional right to discovery." United States v. Johnson, 228 F.3d 920, 924 (8th Cir. 2000) (citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977)). "Due process requires merely that the government disclose all material or potentially exculpatory

4

evidence before the trial ends." United States v. Altman, 507 F.3d 678, 680 (8th Cir. 2007).

The District of South Dakota has a local rule generally prohibiting criminal defendants from personally possessing discovery. See DSD LR 16.1 & 57.10. The reasons for the rule—abuse of discovery and intimidation of witnesses—applies with equal force in this case as in many others. "[T]he application of local rules is a matter peculiarly within the district court's province." Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir. 1992) (internal quotations omitted); Reasonover v. St. Louis Cnty., 447 F.3d 569, 579 (8th Cir. 2006) ("District courts have broad discretion to . . . enforce local rules.").

Likewise, district courts have broad discretion to resolve motions to compel discovery in criminal cases. United States v. Hintzman, 806 F.2d 840, 846 (8th Cir. 1986). A district court's decision regarding a discovery motion is proper if, considering the circumstances, the decision is not "a gross abuse of discretion resulting in fundamental unfairness at trial." Id. (internal quotation omitted).

B. **Facts relevant to Kitsopoulos' case**

As noted *supra*, Kitsopoulos is charged with one count of embezzlement in violation of 18 U.S.C. § 1163 and one count of larceny exceeding $1,000.00, in violation of 18 U.S.C. §§ 661 and 1153. (Doc. 1). Since her initial appearance in June of 2025, until the present, Kitsopoulos has been out of custody on a personal recognizance bond. This case does not involve co-

defendants or alleged co-conspirators, to the court's knowledge. The bail report indicates that she has no criminal record. (Doc. 8 at p. 4). Kitsopoulos represents to the court that she currently resides in Frisco, Texas. (Doc. 17 at p. 1). Kitsopoulos indicated to the court that she was diagnosed with a heart condition and has problems with the veins in her legs that may require surgery. Id. Kitsopoulos represents to the court she is currently in a walker and was advised not to travel. Id.

The bail report indicates that Kitsopoulos served in the U.S. Army from 1975 until 2001. (Doc 8 at p. 2). Kitsopoulos represents to the court that she is a highly decorated veteran with no history of any disciplinary record. (Doc. 17 at p. 2). Kitsopoulos asks this court to modify the protective order regarding discovery. Id. Kitsopoulos asks that one copy of discovery be electronically sent for her review. Id. at p. 1.

**C.    The Court's approach to discovery in Kitsopoulos' case**

The court possess the authority to regulate discovery under Rule 16(d)(1). "At any time the court may, for good cause. . . grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Federal Rule of Criminal Procedure 2 provides that "[t]hese rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."

Given the non-violent nature of the charges, the lack of criminal history, the geographical distance between Kitsopoulos and her attorney, reasonable

6

accommodations are appropriate for Ms. Kitsopoulos to review her discovery. However, there is good cause to prevent Kitsopoulos from have unfettered, and unsupervised access to the discovery materials, so as to prevent possible witness intimidation or for Kitsopoulos to obtain information to engage in further criminal activity.

The court finds that there are viable options available to allow Kitsopoulos meaningful access to review her discovery, while also protecting governmental and societal interests from improper disclosure and misuse of the materials.  Kitsopoulos is not in custody and her ability to review her discovery is less inhibited than those in a custodial setting.  The court authorizes counsel to make arrangements with a Federal Public Defender's office near Kitsopoulos' residence to have Kitsopoulos review discovery materials while under the supervision of an attorney, paralegal or investigator employed by the Federal Public Defender's office who are also bound by the following order.  Kitsopoulos is not permitted to retain any of the discovery materials.  Therefore, the Court modifies its discovery order as follows:

### **DISCOVERY ORDER**

IT IS ORDERED that the government shall provide discovery materials to defense counsel subject to the protections of this order.  It is further

ORDERED that any discovery materials, including but not limited to statements and summaries of interviews of witnesses furnished by the prosecution to the defense, shall not be used by the Defendant or the attorney for the Defendant for any purpose other than in direct relationship to this case.

Without permission of the Court, defense counsel shall not photocopy the materials or provide them to any third party, except to make copies for use of the defense counsel in this case, an investigator, expert witness, or Federal Public Defender attorney, paralegal or investigator as discussed *supra*. No further dissemination of discovery material shall be made, and under no circumstances shall such material be available to any employee of any attorney who was previously convicted of a felony but not restored to his or her civil rights. Any and all copies of discovery materials shall be returned to defense counsel at the completion of the case so that they can be destroyed by defense counsel. Defense counsel shall otherwise keep the items furnished in the possession of defense counsel, and the materials shall not be given to the Defendant or anyone else not specifically authorized in this order, without the permission of the Court. Defense counsel may allow the Defendant to read the discovery materials, but only in the presence of defense counsel, the defense investigator, defense expert, or Federal Public Defender attorney, paralegal or investigator as discussed *supra*. It is further

ORDERED that all discovery materials not previously destroyed shall be returned to attorneys for the United States of America immediately upon final disposition of the case.

DATED this 14th day of October, 2025.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.